JOHN BAILEY, Plaintiff in Error, *vs.* GARETTA M. MERRITT, Defendant in Error.

ERROR TO THE DISTRICT COURT OF WASHINGTON COUNTY.

In an action by the mortgagor against the mortgagee to recover an alleged surplus arising upon a mortgage sale by advertisement, where the mortgagee was the purchaser, and no moneys were paid over to the sheriff on the sale, it is not necessary that the sheriff should be made a party defendant.

In such case no demand is necessary before suit commenced, in order to constitute a cause of action.

What facts necessary to constitute a cause of action in such case, considered.

The case of *Bidwell vs. Whitney*, 4 *Minn.*, 76, commented on, and its inapplicability to the present case shown.

Points and Authorities of Plaintiff in Error.

I.—The Court below erred in sustaining the demurrer interposed by the Defendant in Error to the complaint of the Plaintiff.

1st, Because there is no misjoinder or defect of parties, Plaintiff or Defendant, to this action.

2d, Because it does not matter that the sheriff is made the

proper custodian of the moneys arising from the sale in mortgage foreclosures by advertisement, where such premises are sold by him. The complaint shows that the money arising from this sale was not paid over to the sheriff, but still remains in his, the Defendant's hands.

3d, The third point made by the first subdivision of the demurrer has no application to this case.

4th, There is nothing in this case to show that the sheriff can have the slightest interest in this case.

II.—The complaint does state facts sufficient to constitute a cause of action against the Defendant in Error. The case of *Bidwell vs. Whitney*, is not this case.

The complaint shows no penalty, but on the contrary, shows that the Defendant became the purchaser of the mortgaged premises at the foreclosure sale for the sum of $386, over and above the amount due upon said note and mortgage and the costs and expenses of such sale.

The contract is one between the mortgagor and mortgagee, and any statement of facts showing that the mortgagee has moneys in his hands belonging to the mortgagor, is sufficient to enable the Plaintiff to maintain this action.

Points and Authorities for Defendant in Error.

I.—The complaint contains no cause of action.

1st, The mortgagor brings an action against his agent and trustee, the mortgagee, for surplus money, and the complaint contains no allegation of a demand of the same by mortgagor before suit. *Willard's Eq. Jur.*, 427; 24 *Wend.*, 203; *Chitty on Con.*, 212, *note* 1, *and cases above cited.*

2, The complaint contains no cause of action. The action is brought to recover surplus money, and the complaint does not show that there is any surplus money. The complaint describes the note and states the rate of interest, and from such statement it appears that $2,197.90 was due on said note at the time of the mortgage sale, including the costs of said sale and the amount bid.

II.—If the 2 1-2 per cent. is a penalty, it is a penalty paid voluntarily by Plaintiff in Error to Defendant in Error, and

cannot be recovered back.   Plaintiff in Error does not pretend that he had no notice of the foreclosure proceedings by Defendant in Error before the sale, and as he stood by and made no objection and no application to the Court to require Defendants in Error to sell, if at all, for 7 per cent. per annum after the maturity of the note, he now comes too late. *Bidwell vs. Whitney,* 4 *Minn. R.,* 76, *and authorities cited.*

DANIELS & GRANT, Counsel for Plaintiff in Error.

DAVID SANFORD, and D NEWELL, Counsel for Defendant in Error.

*By the Court*—ATWATER; J.—This was an action brought by the mortgagor to recover an alleged surplus arising on a mortgage sale by advertisement, the Defendant being the mortgagee, and purchaser at the sale.   The complaint alleges the amount due upon the note secured by the mortgage at the time of the sale, and the expenses of the sale, amounted in the aggregate to $1,505, and that the premises were sold to Defendant for the sum of $2,197.90.   The suit was brought to recover this difference of $692.90, with interest from day of sale.   The complaint alleges that no part of the moneys arising from the sale was paid over by the Defendant to the officer who made the sale, and that said sum remains in the hands of Defendant over and above the amount of principal and interest due upon the note secured by the mortgage. Also, that by the conditions of the mortgage, the Defendant, upon default in payment of the sum secured by the mortgage, was authorized to sell the premises therein described, agreeably to the provisions of the statute, to retain the amount due upon the note, and pay the overplus to the mortgagor, his heirs or assigns.

The Defendant demurred to the complaint, and the demurrer was sustained.   From the judgment entered thereon the Plaintiff sues out a writ of error.

The first ground of demurrer alleged is a defect of parties Defendant, it being claimed that the sheriff of the county of Washington, who sold the premises, should have been made

a party Defendant, on the ground that the statute makes the sheriff the custodian of all moneys arising from the sale of the mortgaged premises, when such premises are sold by him. *Sec.* 13 *of Chap.* 75, *Comp. Stat., p.* 645, provides that "if. after sale of any real estate, made as herein prescribed, there shall remain in the hands of the officer or other person making the sale, any surplus money, after satisfying the mortgage on which such real estate was sold, and payment of the costs and expenses of such foreclosure and sale, the surplus shall be paid over by such officer, or other person, on demand to the mortgagor, his legal representatives or assigns."

The complaint expressly avers that no moneys were paid over on this sale, and it is impossible to conceive any obliga- tion resting on the Plaintiff to make the sheriff a party to the action, or any injury resulting to the rights of Defendant from the omission so to do. The statute certainly does not require it, and it does not even appear that he has any power to collect and hold the amount bid, unless the same be paid over to him. The sheriff is the officer appointed by law to make the sale, and see that the same is fairly conducted, and may be said to act as the agent for both parties for that pur- pose, but his duties and responsibilities to the respective par- ties are limited, and cannot be extended by implication be- yond the limits prescribed by the language of the statute, or the ends to be subserved from his appointment.

The law having imposed upon him the duty of making the sale, and the natural presumption being that the moneys bid come into his hands, provision has been properly made that he shall pay over the amount to the parties entitled thereto, and that his sureties shall be responsible for the performance of this duty. As a matter of fact, however, on foreclosures in this State, it seldom occurs that any money actually passes through his hands on these sales, the mortgagee, as in this case, being usually the bidder, and the bid rarely exceeding the amount due upon the mortgage, which is endorsed upon the note. But the sheriff has no power to compel such en- dorsement, or collect the surplus, at least, when bid by the mortgagee. As between mortgagor and mortgagee, the latter in his contract with the former, has assumed the duty of pay- ing over the surplus to the mortgagor.

If the mortgagee had paid over the surplus to the sheriff upon the sale, that fact would constitute a good defence to this action.    But having failed to do so, it is not for her to allege a responsibility on the part of the sheriff, which, if any exists, has been caused by her own neglect of duty.    Even if it had been made the duty of the sheriff to collect this surplus, the Plaintiff might, doubtless, waive his action as against him, and proceed against the Defendant alone, on her contract, unless there was some statute expressly requiring the sheriff to be joined.

The second ground of demurrer is that the complaint does not state facts sufficient to constitute a cause of action.    Under this head are enumerated a number of specifications, of which those only deemed material will be considered.

It is claimed that the complaint is defective in not showing a demand upon the sheriff for the surplus money.    This could not be necessary in any event.    In this case, the complaint alleges that no moneys were paid over to him, and consequently a demand would only be an idle ceremony and absurd.    Neither would a demand have been necessary had the surplus been paid to him, for the law has imposed it as a duty upon him to pay the same over.    Nor is any demand necessary as against the Defendant, in order to constitute a cause of action, for by the terms of the contract, the Defendant has assumed the duty of paying over the same.    The rule as stated by *Chitty on Contracts, p.* 629, is, that unless there be an express stipulation in the contract, or it be requisite from the peculiar nature thereof, that a request or demand of performance should be made, such request or demand is not essential to complete the cause of action, but the party is bound to perform his contract without being requested so to do, as in the common case of a contract to pay a sum of money generally, or upon a certain day. And so *Story on Contracts,* 974, says, " the rule is, that where the right to claim the performance of a contract depends upon the occurrence of a certain fact, the promisee is not bound to give notice thereof to the promissor, unless the contract be to be performed on condition that notice is given.    So also a request to perform need not ordinarily be averred.    But if by

the express terms of the contract, a request be a condition precedent to performance, or be implied from the nature of the contract, it must be averred." To the same effect is *Parsons on Contracts*, 184. From these authorities we think it clear, that no demand can be requisite in a case like the present, in order to constitute a cause of action.

It is further urged that it does not appear from said complaint, that any legal and valid sale of the premises has been made, in that it is not stated that any money was paid upon the sale, nor that there was any delivery of the property, nor that there was any agreement in writing made upon the sale, or that the sheriff made any memorandum in writing, as required by statute. We think these objections are all answered by reference to the complaint, which alleges that the premises were sold at public auction to the highest bidder, agreeably to the provisions of the statute in such case made and provided, and pursuant to the power of sale in said mortgage deed contained. By *sec.* 81 *Comp. Stat. p.* 542, it is provided that "in pleading a judgment, or other determination of a court, or officer of special jurisdiction, it shall not be necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made. If such allegation be controverted, the party pleading shall be bound to establish on the trial, the facts conferring jurisdiction." In analogy to the rule here laid down, we think the averments in the complaint sufficient in this case. If the Defendant controverts these allegations by answer, the Plaintiff will be bound to establish the facts necessary to constitute a valid sale.

It is also urged that it does not appear that the Defendant has taken or attempted to take possession of the premises, or that the Plaintiff has paid or tendered to Defendant, the amount due upon the note and mortgage.

These objections are clearly not well taken. In an action for surplus money arising on the sale of mortgaged premises, upon the facts shown by this complaint, it can certainly be not material to a cause of action, that the Defendant should have taken possession of the lands purchased, or that he should be required to tender the amount due upon the mort-

gage. This is neither an action to set aside the sale, or to redeem the premises, and no question can properly arise as to possession of the premises, or the amount due upon the note and mortgage, save with reference to the alleged fact of the surplus bid by the mortgagee.

Neither is it necessary that it should appear from the complaint what sum was claimed to be due in the notice of mortgage sale, since the Plaintiff would not necessarily be bound by such claim. It is true, perhaps, that circumstances may exist in connection with such claim, which would estop the Plaintiff from asserting that the amount claimed in the notice was not the true amount due. If such facts exist, they should appear by answer. It makes out a *prima facie* case for the Plaintiff to allege that a certain amount was due upon the note, which, with expenses of sale, amounted to a specified sum, unless other facts appear, as in case of a stipulated penalty. This stands admitted by the demurrer. The amount of the surplus bid by Defendant also stands admitted. If in any case, therefore, the mortgagor can recover such surplus, it would seem that the complaint here presents such case.

It is urged that the Plaintiff is estopped by the sale,—that the complaint alleges that the sale was duly made, and that the proper and legal notice was given, and if there was any mis-statement in the amount claimed to be due in the notice, the Plaintiff should have enjoined the sale, or brought his action to set it aside, and cannot attack it in this collateral way. The counsel for the Respondent seems to have fallen into the strange error, that this is an action attacking the sale. It is directly the contrary, the complaint in the strongest manner affirming the sale. The legal amount due on the note is the sum stated in the complaint, and the presumption is that such amount was claimed in the notice of sale. The Respondent cites *Bidwell vs. Whitney*, 4 *Minn.*, 76, and claims that this case falls within the principle there laid down. But the facts are widely different. In that case the complaint showed that the mortgagor had agreed to pay five per cent. per month on his note after maturity. The syllabus in that case correctly states the point decided, viz : "that in an

action for money had and received, to recover the surplus bid by a mortgagee upon a foreclosure by advertisement, over and above the amount actually due upon the obligation (*but within the amount stipulated to be paid as a penalty for non-payment after maturity*), held, that the mortgagor could have enjoined the sale, in equity, until the amount actually due could be ascertained, and had the mortgage cancelled, as to the balance claimed to be due in the notice of sale; or could have had other appropriate equitable relief, depending upon the condition of the parties and the securities; but the action at law will not lie." It will be observed that the reporter has included a part of the above syllabus in a parenthesis, and the Respondent, in his argument upon this case, seems to have applied to that clause the definition adopted by some orthographers, to wit, that a parenthesis includes a sentence or portion of a sentence, that may be omitted without injury to the sense. If such be a correct definition, the parenthesis was unfortunately used, since the whole reasoning in that case is based upon, and constantly recognizes the fact that an amount was stipulated to be paid as a penalty. Here there is no such stipulation, nor any stipulation to pay interest after maturity, nor is the Court advised of the existence of any agreement, either verbal or written, to pay any interest beyond the ordinary legal rate, nor even that the Defendant understood that the note drew a greater rate of interest, nor, in fact, that the Defendant has, or claims to have any equities whatever to interpose to this claim. As the case stands, we think the complaint states a good cause of action against the Defendant, and the judgment must be reversed, and the case remanded, with leave to Defendant to answer within twenty days after service of a copy of the order to be entered hereon.