WILLIAM K. MILES and others *v.* JOHN WANN, impleaded, etc.

July 27, 1880.

**Partnership—Action against Three as Partners—Judgment against Two, only.**
The evidence in this case considered, and *held* to tend to prove a part-
nership between two of the defendants as to third persons. Where an
action is brought upon a partnership liability, against a firm alleged to
consist of three persons, and upon the trial it appears that one of them
is not a member of the firm, but that the other two are members of it,
upon proof of the alleged partnership liability, judgment may properly
be entered against the firm of two members. Gen. St. 1878, *c.* 66, § 266.

Action against the defendants W. F. Von Deyn, Thomas
L. Wann and John Wann, as partners in the firm of Von
Deyn & Co., for goods sold and delivered to the firm. John
Wann alone defended, denying that he was a member of the
firm. At the trial in the district court for Ramsey county,
before *Brill,* J., the plaintiffs dismissed the action as against
Thomas L. Wann; and on motion of John Wann, the court
dismissed the action as to him. A new trial was afterwards
granted, and the defendant John Wann appealed.

*Bigelow, Flandrau & Clark,* for appellant.

An infant may be a partner, (Collyer on Partnership, §§
13, 528; *Barklie* v. *Scott,* 1 Hudson & Brooke, 83,) and may
enter into any mercantile contract; and the party contract-
ing with him is bound to the same extent as if contract-
ing with an adult. The contract is voidable only, and solely
at the election of the infant. *Cogley* v. *Cushman,* 16 Minn.
397; *Dixon* v. *Merritt,* 21 Minn. 196; *Willard* v. *Stone,* 7
Cow. 22; *Fonda* v. *Van Horne* 15 Wend. 631; *Nightingale* v.
*Withington,* 15 Mass. 272.

Infancy is a personal privilege, and if the infant does not
plead it, and a guardian *ad litem* is appointed, judgment goes
exactly as if he was an adult. Tyler on Infancy, 52, 172. No
one can plead it for him, or in any way act on the assump-
tion that he will plead it. A defendant cannot take advan-
tage of the infancy of a codefendant, nor can a plaintiff antic-

ipate a plea of infancy, and leave out an infant defendant who would otherwise be a necessary party defendant, and if he does, he will be nonsuited. *Van Bramer* v. *Cooper*, 2 John. 279; *Hartness* v. *Thompson*, 5 John. 160; *Slocum* v. *Hooker*, 13 Barb. 536. T. L. Wann was, beyond doubt, a partner in the firm of Von Deyn & Co. Both John Wann and Von Deyn would have been estopped to deny that he was a partner. As such, he was a necessary party defendant, for the plaintiff sued on the joint contract of Von Deyn & Co., and in such a suit all the joint contractors must be made defendants. T. L. Wann had a right to hold the plaintiffs to their contract for the sale of these goods, and it is as much his right to be made a defendant as it would be to prosecute as plaintiff. Neither plaintiffs nor defendants can repudiate him as a contracting party, and therefore a necessary party to the suit. The principle is the same as when one of joint contractors has been discharged in bankruptcy. His discharge is a personal privilege, of which he alone can take advantage. He must be joined as a defendant, and no action can be maintained against the other joint contractors alone, for he may not choose to avail himself of this personal defence. *Bovill* v. *Wood*, 2 Maule & Selw. 23; *Mason* v. *Denison*, 15 Wend. 64; *Wamsley* v. *Lindenberger*, 2 Rand. (Va.) 478. And it is the right of John Wann (if a partner) and of Von Deyn, to have their copartners sued with them. Plaintiffs have no right to deprive them of contribution from their copartner.

Whether John Wann was a partner or not, the action could not be maintained against any of the joint contractors after its dismissal as to one of them, and, on such dismissal, the court was right in dismissing the action as to the others. The complaint still alleges that T. L. Wann is a partner, the proof still supports the charge; and as the debt is against defendants jointly, the recovery must be against all or none. *Irvine* v. *Myers*, 4 Minn. 164 (229;) *Fetz* v. *Clark*, 7 Minn. 159 (217;) *Johnson* v. *Lough*, 22 Minn. 203.

But John Wann never was a partner. It is absurd to say that a father cannot set up his infant son in a partnership business, without becoming a partner; and the only case exactly on the point holds precisely the contrary. See *Barklie* v. *Scott*, 1 Hudson & Brooke, 83, (cited in Parsons on Partnership, 147,) where a father had advanced a large sum of money for his son, and made him a partner in a firm, and reserved much more extensive powers over the affairs of the firm than John Wann did in this case, but was held not a partner.

*I. V. D. Heard*, for respondents.

BERRY, J. The testimony in this case fairly tended to show the following facts: John Wann, as guardian of Thomas L. Wann, his minor son, 16 years of age, executed what purport to be sealed articles of partnership between said Thomas and one Von Deyn. The business of the firm was the manufacture of brushes, in St. Paul. John Wann had no authority to act for his son in the premises, either as guardian or otherwise, and there was no evidence establishing any adoption or ratification by the son of his father's acts, either in executing the articles, or in carrying on the business. The articles required said Thomas to put $5,000 into the capital of the concern. This was in fact put in by John Wann, out of his own means. By the eighth article of the partnership agreement, it was agreed that, in the absence of Thomas, who was in Europe, John Wann should keep the firm books; and, in the tenth article, John Wann is acknowledged to have power, as the guardian of Thomas, to represent his interest; to act for the firm the same as if Thomas were present and acting; to sign checks, draw drafts, sign notes, adjust accounts,—all in the firm name; and to receive all moneys that Thomas might be entitled to from the firm; and, generally, to have the same authority and control over the business of the firm as Thomas would have, if he were present and acting. The entire business of the firm was, in fact, conducted by Von Deyn and John Wann. All moneys drawn

out of the concern, nominally on account of Thomas, (which averaged about $65 a month,) were drawn out by John Wann, and mingled with his private funds, without in any way keeping or attempting to keep them separate, although he remitted money to his wife, from time to time, to defray the expenses of herself and children, Thomas included.

All this goes to show that John Wann and Von Deyn established a partnership in fact, Von Deyn acting for himself, and John Wann nominally (but without any authority) for his minor son, who never ratified or adopted what was assumed to be done for him; that John Wann furnished the capital, took part in conducting the business, and drew money out of the concern, at the rate of $65 per month, and appropriated the same to his own use. These facts go to prove that, whatever might have been John Wann's real intention, the effect of his conduct, as respected third parties, was to constitute a partnership between Von Deyn and himself, of which Thomas Wann was not a member. What would have been the effect of a ratification or adoption by Thomas of what was done by his father, we do not attempt to determine. It was very proper for the plaintiff, upon this state of the evidence, to dismiss the action as respected Thomas Wann; but as he had declared against a partnership consisting of Von Deyn, Thomas Wann and John Wann, it would have been very proper for him to have amended his complaint to correspond with the state of the proof.

According to the rule laid down in *Fetz* v. *Clark*, 7 Minn. 159 (217,) the complaint setting up a contract by a partnership composed of Von Deyn, Thomas Wann and John Wann, there could be no recovery, except against the partnership so constituted. Some doubt was expressed as to the propriety of the rule in *Town* v. *Washburn*, 14 Minn. 268, and we think the case at bar very well illustrates the injustice of its operation. If it was technically correct, it certainly did not tend to promote substantial justice. At any rate, it has been abrogated by Laws 1873, *c.* 67, (Gen. St. 1878, *c.* 66, § 266,)

which provides that "whenever two or more persons are sued as joint defendants, and on the trial the plaintiff fails to prove a joint cause of action against all, but proves a cause of action against one or more of the defendants, judgment may be rendered against him or them against whom the cause of action is proved." *Reed* v. *Pixley*, 22 Minn. 540. Under this provision of statute, it would have been entirely proper to render judgment against Von Deyn and John Wann alone, as partners constituting the partnership of Von Deyn & Co., if it appeared that Thomas Wann was not a member of the partnership. The district court appears to have granted the defendant's motion to dismiss, upon the ground that John Wann was not shown to be a partner in the firm of Von Deyn & Co., and, as we conjecture, upon the rule of *Fetz* v. *Clark*. Upon further reflection, the court was of opinion that the evidence tended to establish that John Wann was a member of said firm, and that therefore the dismissal was wrong, and a new trial should be granted. But, without reference to the particular ground upon which the dismissal was granted, we think it was erroneous, for the reasons before assigned, and that the new trial was properly awarded.

Order affirmed.