SABIN v. MICHELL.

[39 Pac. 635.]

1. JOINT AND SEVERAL LIABILITY OF PARTIES * — JUDGMENT.—Where several parties are sued on a joint and several obligation, judgment may be taken against any one of them, and his property may be taken in satisfaction thereof: Fisk v. Henarie, 14 Or. 29, cited.

* The provisions of the Code referring to the subject of joint and several judgments are found in sections 60 and 244 and 245 of Hill's Code.   Section 60 reads thus: "When the action is against two or more defendants, and the summons is served on one or more, but not on all of them, the plaintiff may proceed as follows: ( 1 ) If the action be against defendants jointly indebted upon a contract, he may proceed against the defendants served, unless the court otherwise direct; and if he recover judgment it may be entered against all the defendants thus jointly indebted, so far only as that it may be enforced against the joint property of all, and the separate property of the defendant served; or (2) If the action be against defendants severally liable, plaintiff may proceed against the defendants served, in the same manner as if they were the only defendants ; (3) If all the defendants have been served, judgment may be

2. VARIANCE.— In an action against an alleged partnership, an allegation that defendants M. and S., doing business as partners under the name of M., were indebted to several persons, who assigned their claim to plaintiff, is supported by an instrument entitled " In the matter of M.," and reciting that the subscribers assign to plaintiff their claims against M., together with parol evidence that it was intended to assign thereby claims against the concern doing business under the name of M., whether the concern was a partnership or the individual business of M.: *Thompson* v. *Rathbun*, 18 Or. 202, distinguished.

3. LEVY OF GARNISHMENT — POSSESSION OF THIRD PERSON — CODE, ? 149, SUBDIVISION 3.—A stock of goods may be attached by the service of garnishee process upon persons in possession thereof under a purported bill of sale, although such possession is solely to prevent the seizure by plaintiff, and to favor other creditors.†

4. SUFFICIENCY OF SHERIFF'S RETURN ON GARNISHMENT WRIT — PRIORITY BETWEEN ATTACHING CREDITORS — NOTICE — CODE, ? 149, SUBDIVISION 3.— In considering the sufficiency of returns on writs the courts should not be critical, but should sustain the returns if it can be reasonably gathered therefrom that the requirements of the statutes have been met. Within this rule a return on a garnishment was sustained where the following facts appeared : The sheriff returned that he had served a copy of the writ, together with a "notice to garnishee," on a specified person, and that the answer of such person was attached to his return and marked "A." Exhibit "A" thus referred to was a copy of the attachment writ, having appended a garnishment notice specifying that all goods, moneys, etc., in the hands of the person thus served and belonging to the defendant in the writ were thereby attached and levied upon, with the answer of the person garnished indorsed on the back. This return did not specifically state that the officer had attached certain designated property by leaving a copy of the writ with the person who had possession thereof, as it should have done,† but it was sufficient to sustain the lien thus created, as against subsequent attaching creditors with notice.

## APPEAL from Polk: GEO. H. BURNETT, Judge.

taken against any or either of them severally, when the plaintiff would be entitled to a judgment against such defendant or defendants, if the action had been against them, or any of them alone." Subdivision 1 was considered in *Richardson* v. *Fuller*, 2 Or. 179, and subdivision 3 in *Sears* v. *McGrew*, 10 Or. 48; *Fisk* v. *Henarie*, 14 Or. 29; and *Wilson* v. *Blakeslee*, 16 Or. 47.

Sections 244 and 245 read as follows : "Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants," and " In an action against several defendants the court may, in its discretion, render judgment against one or more of them, whenever a several judgment is proper, leaving the action to proceed against the others." These sections were construed in *Sears* v. *McGrew*, 10 Or. 48; *Ah Lep* v. *Gong Choy*, 13 Or. 205; and *Hamm* v. *Basche*, 22 Or. 513.— REPORTER.

† The statute under which the writ in this case was levied is section 149 of Hill's Code, subdivision 3 of which reads as follows : "Personal property shall be attached

This is a suit to determine and enforce the right to priority of attaching creditors. From the statement of facts as given in the complaint it appears that on and prior to the twenty-eighth day of November, eighteen hundred and ninety-two, John S. Michell and W. T. Shurtleff were partners doing business under the firm name of John S. Michell; that certain wholesale merchants in Portland had demands against said firm aggregating two thousand seven hundred and forty-six dollars, which, on said day, they sold and assigned to this plaintiff, who has been ever since and is now the owner thereof; that on the twenty-ninth day of November, eighteen hundred and ninety-two, plaintiff commenced an action upon said demands against Michell and Shurtleff as partners, and caused a writ of attachment to be issued and delivered to the sheriff of Polk County, commanding him to attach and safely keep so much of the property of defendants in the the writ as might be sufficient to satisfy any judgment plaintiff might recover in said action; that the sheriff duly executed said writ by attaching all the stock of goods, wares, and merchandise belonging to and owned by John S. Michell and W. T. Shurtleff in the town of Falls City, by serving a copy of the writ, together with a notice specifying the property attached, on Willis Leavitt and J. J. Daly, who were then in possession of said stock of goods; that just prior to the service of the writ, Shurtleff, who was in possession of the store, undertook to sell and deliver the stock of goods therein to Willis Leavitt, in trust for certain creditors of Michell and Shurtleff, and that Leavitt and one J. J. Daly immediately took possession thereof; that such sale and delivery were made without the knowledge or assent of the parties for whose

by leaving a copy of the writ and a notice specifying the property attached with the person having possession of the same," etc. This court considered the requisites of a sheriff's return on a garnishment process in *Batchellor* v. *Richardson*, 17 Or. 334.— REPORTER.

benefit it is alleged to have been made, and with an intent to hinder, delay, and defraud the creditors of Michell and Shurtleff, and especially this plaintiff and his assignors; that subsequent to said pretended sale and delivery and the service of plaintiff's attachment Leavitt and Daly surrendered possession of said goods, wares, and merchandise to the defendant creditors in this suit, who caused the same to be attached in actions prosecuted by them against John S. Michell individually; and that the surrender of such possession was made pursuant to an understanding between Shurtleff, Leavitt, and Daly to defraud the plaintiff, and defeat the lien acquired by virtue of his attachment.

The defendants answer denying the alleged parnership between Michell and Shurtleff, as well as all the other allegations of the complaint, and allege that the property in question belonged to J. S. Michell individually, and that on the first day of December, eighteen hundred and ninety-two, they commenced certain actions against him, and caused the property in question to be attached, and that the lien thus acquired is the only lien on said goods, wares, and merchandise. Upon issues joined the cause was tried, resulting in a decree in favor of the plaintiff, from which some of the defendants appeal.

AFFIRMED.

For appellants there was a brief and an oral argument by *Messrs. John J. Balleray* and *Xenophon N. Steeves.*

For respondents there was a brief by *Messrs. Cox, Cotton, Teal and Minor,* and *D'Arcy and Bingham,* and an oral argument by *Mr. Joseph N. Teal.*

Opinion by MR. CHIEF JUSTICE BEAN.

1.   It is contended for defendants that the allegation

that Michell and Shurtleff were partners is not sustained by the evidence, but we regard this question as immaterial. The complaint charges a joint and several liability, and it is admitted, as well as alleged, by defendants that the stock of goods in controversy belonged to Michell, and the debt upon which plaintiff's attachment is based is against him; so that if plaintiff has a cause of action against Michell, it is wholly immaterial, so far as defendants are concerned, whether Shurtleff was liable with him as a partner or not. If the evidence failed to sustain the allegation of partnership, plaintiff was still entitled to a judgment against Michell, and his property, having been seized on attachment, was liable to sale to satisfy such judgment: *Fisk* v. *Henarie,* 14 Or. 29 (13 Pac. 193); *Faust* v. *Goodnow,* 4 Colo. App. 352 (36 Pac. 71); *Simpson* v. *Schulte,* 21 Mo. App. 639; *Miles* v. *Wann,* 27 Minn. 56 (6 N. W. 417); *Congdon* v. *Monroe,* 51 Texas, 109.

2. It is also claimed that there is a fatal variance between the allegation and proof of the assignment to plaintiff of the accounts upon which this action is based. The complaint alleges that on the twenty-eighth day of November, eighteen hundred and ninety-two, John S. Michell and W. T. Shurtleff, doing business under the firm name of John S. Michell, were indebted to certain wholesale firms in Portland, and that said firms sold, transferred, and assigned their respective accounts to this plaintiff, who ever since has been and now is the owner of the same. To prove the assignment plaintiff offered in evidence a written instrument entitled "In the matter of J. S. Michell, Falls City, Oregon," which recites that the subscribers thereto sell, assign, and set over and transfer to R. L. Sabin their claims against said Michell. The contention for the defendants is that this instrument only tends to prove the assignment of demands against J. S. Michell individually, and not against Michell and Shurtleff as

partners; but the evidence shows that the intention was to assign to the plaintiff the accounts and demands of the assignors against the concern doing business at Falls City under the name of J. S. Michell, whether it was an individual or partnership, and the written assignment, it seems to us, was sufficient to vest the title of such accounts and demands in the plaintiff, and sustained the allegation of ownership in him, whether J. S. Michell was an individual or a partnership. The material and necessary issue for plaintiff to prove, in order to recover, was the ownership of the accounts sued on, and this was met by the written assignment. The allegation in the complaint that the accounts were due plaintiff's assignors from a partnership doing business under the name of J. S. Michell may very properly be held as immaterial in this suit. The case of *Thompson* v. *Rathbun,* 18 Or. 202 (22 Pac. 837), cited by defendants, was an action on a promissory note alleged to have been executed and delivered to the Portland Savings Bank, which allegation, the court said, meant a note that was made payable to the Portland Savings Bank by name, or some equivalent expression by which the bank could be clearly identified as payee; and because the note offered in evidence was not of that character it was held inadmissible. This was an entire failure of proof on a material allegation of the complaint; but in the case at bar the material allegation is proven by the evidence offered, and the failure, if any, is on an immaterial issue.

3. It is next contended that neither Leavitt nor Daly was in possession of the store at the time the garnishee process was served upon them. Both the referee and the court below found to the contrary, and we think this finding is fully sustained by the testimony. The evidence shows that Michell was out of the state, and that Shurtleff, who was in possession of the store, fearing an attachment, and desiring to prefer certain creditors, a short

time before the sheriff arrived at Falls City for the purpose of serving the plaintiff's attachment, under the advice of Daly conveyed the stock of goods to Leavitt by bill of sale, in trust for such favored creditors, without their knowledge or assent, and subject to their approval, and immediately closed the store and delivered possession of the keys to Leavitt and Daly, who were present and claiming, with the consent and acquiescence of Shurtleff, to be in possession when the sheriff and plaintiff's attorney arrived at Falls City, and who ordered the sheriff, under threats of prosecution for trespass, not to attempt to take possession of the goods, nor force an entrance into the building. Under such circumstances the sheriff was, we think, justified in attaching the property by serving garnishee process upon Leavitt and Daly, and the right of plaintiff thus acquired cannot now be defeated by these defendants, although their possession may have been solely for the purpose of preventing the seizure of the property by plaintiff under his attachment, and thus favoring the other creditors, among whom are these defendants.

4. And finally it is contended that the sheriff's return on the plaintiff's writ of attachment is so defective as to render the attachment nugatory, as against the defendants who are subsequent attaching creditors with notice. The sheriff, after certifying in his return to the manner in which he attached certain real property, states that he served a true copy of the writ, duly certified to by him, upon Willis Leavitt in person, together with "notice to garnishee," and a like copy and notice upon Daly, and that the answer of each of said parties is attached to and marked respectively exhibits "A" and "C," and made a part of the return. The exhibits referred to and made a part of the return, and upon which Leavitt's and Daly's answers are indorsed, are copies of the writ, having

thereon a notice to the effect that all moneys, goods, credits, and effects or any other personal property in the possession or under the control of said parties belonging to the defendants or either of them, are attached by virtue of the writ. It thus appears that the sheriff not only certifies that he served a copy of the writ and notice of garnishment upon Leavitt and Daly, but he attaches to and makes a part of his return copies of the papers so served, from which it appears that he complied with the statute by leaving a copy of the writ, and a sufficient notice specifying the property attached, ( *O'Brien* v. *Mechanics' Insurance Company,* 56 N. Y. 52,) with the persons who were in possession of the same, and hence the return, in our opinion, shows a sufficient compliance with the law to preserve plaintiff's lien, as against the defendants whose attachments were issued and served with notice of the service of plaintiff's writ. It is true the officer does not certify that he attached certain described property by leaving a copy of the writ, together with a notice specifying such property, with Leavitt and Daly, and that they were in possession of the same, and in this respect the return may be defective; but he does show that he substantially complied with the law providing the manner in which personal property in possession of a third person may be attached, and this is sufficient to preserve the lien as against subsequent attaching creditors with notice, which is the only question for our determination at this time. In such cases the courts are not critical as to the language used by the officer in making his return, and it is sufficient if it can be fairly inferred therefrom that he has met the requirements of the law, and to this end it should receive every reasonable intendment and presumption: Murfree on Sheriffs, § 864; Drake on Attachments, § 204; Wade on Attachments, § 149; *Ritter* v. *Scannel,*

11 Cal. 238 (70 Am. Dec. 775); *Governor* v. *Gibson,* 14 Ala. 331; *Stoddart* v. *McMahan,* 35 Texas, 268; *Newton* v. *Adams,* 4 Vt. 437; *Rowan* v. *Lamb,* 4 G. Greene, 468. We conclude, therefore, that plaintiff's lien upon the property in controversy is prior in point of time and in right to that of the defendants, and that the decree of the court below was correct. AFFIRMED.

Decided April 15, 1895.