CHARLES H. ERMENTROUT and Another v. AMERICAN FIRE INSUR-
ANCE COMPANY OF PHILADELPHIA.[1]

March 29, 1895.

No. 9209.

### Fire Insurance—Action on Policy—Parties.

Where, by a policy of insurance issued to the owner of property, the
loss, if any, is made payable to the assignee of the mortgagee (naming
the assignee), "as interest may appear," and, after loss, such assignee
sells and assigns all of its interest in and claim under the policy to a third
party, held, that the owner and such third party may properly be joined
in an action upon the policy to recover for the loss.

### Same—Sufficiency of Complaint.

In such an action the complaint alleged the contract of insurance, and
that the loss was payable to assignee of mortgagee, as interest might ap-
pear, also a loss within the terms of the policy, due notice and proof of
loss, and the assignment of the interest of the assignee of the mortgagee
in and claim under the policy to the plaintiff (other than such owner),
but did not specifically allege that there was any mortgage on the prop-
erty, or the extent and character of the interest of the assignee of the
mortgagee in the property. Held, that it was error to dismiss the action,
at the close of the plaintiff's case, on the ground that the complaint did
not state a cause of action.

### Assignment of Error.

"That the court erred in granting defendant's motion to dismiss the
action" is a good assignment of error.

Appeal by plaintiffs from an order of the district court for Henne-
pin county, Pond, J., denying a motion for a new trial.   Reversed.

*Merrick & Merrick,* for appellants.

*Kueffner & Fauntleroy* and *Freeman P. Lane,* for respondent.

START, C. J.   At the close of the plaintiffs' case, on the trial of
this action in the district court, the defendant moved to dismiss the
action, on the ground, among others not here material, that the
complaint did not state a cause of action.   The motion was granted;
plaintiffs excepted; and from an order denying their motion for

[1] Reported in 62 N. W. 543.

a new trial this appeal was taken. No question of a defect of parties was raised either by demurrer or answer, and the objection to the complaint was made for the first time upon the trial.

1. The defendant asserts that the complaint does not state a cause of action, because it states an unconditional contract to pay a definite sum in case of loss, while the contract, as shown by the policy, is a conditional one, to pay such proportion of any loss as the amount named in the policy bears to the whole insurance upon the property; and that hence the complaint should state the amount of such other insurance. The answer to this claim is manifest. The policy is no part of the complaint, which alleges a contract of insurance, and the answer admits it, and, by way of defense, alleges the provision of the policy as to other insurance, and states the amount thereof. This is strictly a matter of defense, under the pleadings.

2. It is further claimed that the complaint does not state a cause of action, because it does not allege that there was a mortgage on the property described in the policy, the amount remaining unpaid thereon at the time of the fire, and that it had been assigned. The complaint does, in fact, allege that the defendant, upon a consideration paid to it by the plaintiff Ermentrout, issued to him its policy of insurance, and thereby insured him, in the sum of $2,500, against loss or damage by fire to his property, the loss, if any, payable to "the Security Bank of Minnesota, assignee of mortgagee, as interest may appear." It further alleges a loss, the amount, notice and proof thereof, and that, after the loss, the Security Bank assigned all of its interest in and claim under the policy to the plaintiff Maxcey. This states a cause of action if the plaintiffs are properly joined as such. There is some conflict in the adjudged cases in regard to the right of action upon an insurance policy procured by the mortgagor, payable in case of loss to the mortgagee. This has resulted in many cases from inattention to the language of the policy in each particular case. In cases where the loss is "payable to the mortgagee," it is an absolute appointment of the mortgagee as payee of the whole loss, and a direction to pay it to him. In such case the mortgagee may bring the action in his own name, without joining the mortgagor, and recover the whole loss, although it exceeds his interest in the property destroyed, for as to

the surplus he would hold it in trust for the mortgagor. But, where the policy provides that the loss shall be payable to the mortgagee, or, as in this case, to his assignee, "as interest may appear," it is neither an assignment of the policy, nor an absolute appointment of the mortgagee as payee of the whole or any part of the loss, but a limited and conditional appointment to receive payment of the loss to the extent of his interest, if any is made to appear. The language used in policies of the latter class implies that the mortgagee has an interest therein, but a conditional and limited one. 1 Jones, Mortg. § 408. If, in case of loss, it appears that the mortgagee has an interest in the policy, by reason of his debt remaining unpaid, then he and the insured have a common interest in enforcing the contract for indemnity, and may be joined as plaintiffs in an action to recover for the loss. Winne v. Niagara Ins. Co., 91 N. Y. 185.

But it is urged that it does not appear from the complaint in this case that the assignee of the mortgagee has any debt against the insured, or any interest in the property described in the policy. The policy implies that the Security Bank had an interest therein, and this interest (whatever it was or is) has been assigned to the plaintiff Maxcey, and he is a proper party to the action to enable him to assert such interest, if any he has. All parties to the policy, or their assignee, are parties to this action, subject to the jurisdiction of the court, and will be bound by any judgment it may award in the premises. This fully protects the defendant, for it has no concern in the state of the account between the plaintiffs, or as to how they shall divide the fund sought to be recovered. Newman v. Home Ins. Co., 20 Minn. 378 (422). If it be true, as defendant claims, that the complaint shows no claim to any part of the fund in favor of the plaintiff Maxcey, then it amounts to a disclaimer on his part of any interest therein, and the whole thereof belongs to his coplaintiff, who is entitled to a verdict if the allegations of the complaint are proved. Worley v. State Ins. Co. (Iowa) 59 N. W. 16. In any event, then, it was error to dismiss the action as to both plaintiffs.

It is, however, urged by the defendant that the allegation of the complaint to the effect that the plaintiffs are the owners of the policy constitutes a joint cause of action, and that there can be no recovery as to either or both of them without proof of a joint cause

of action. It is not necessary to decide in this action what, if anything, would be the effect, in a strictly legal action, where the complaint alleged a joint cause of action in favor of several plaintiffs, and the proof established a cause of action against a part of them only, for the complaint alleges the facts showing just the relation of the plaintiffs to the policy and their common interest therein; and the allegation as to ownership is simply a conclusion or inference from such facts. This case is within the statute providing that judgment may be given for or against one of several plaintiffs, and for or against one of several defendants; and the ultimate rights of the parties on each side, as between themselves, may be determined. G. S. 1894, § 5410. The doctrine of Fetz v. Clark, 7 Minn. 159 (217), which the defendant seems to rely upon, has been abrogated by the statute. G. S. 1894, § 5164; Miles v. Wann, 27 Minn. 56, 6 N. W. 417; Keigher v. Dowlan, 47 Minn. 574, 50 N. W. 823.

3. The defendant objects to plaintiffs' assignment of error to the effect that the court erred in granting defendant's motion to dismiss the action. It is a good assignment of error, for, from the very nature of the error, it is not practicable to be more specific. The action of the court dismissing the case is a ruling upon the trial, similar to an instruction to a jury to return a verdict for the defendant, depending in many cases upon no previous rulings of the court. In this respect it is wholly unlike an order denying a motion for a new trial, for whether or not it is error to deny such motion depends upon the rulings during the trial, or some special matter arising subsequent to the trial. Therefore to assign as error that the court erred in denying such motion is not sufficient. Wilson v. Minnesota Ins. Ass'n, 36 Minn. 112, 30 N. W. 401, has no application to the assignment in question.

Order reversed, and a new trial granted.