8513

RAWL v. AMERICAN CENTRAL INS. CO.

Insurance—Mortgagee.—The terms of the policy of fire insurance in question here are construed to require notice of cancellation to the mortgagee for whose benefit the usual mortgage claim was inserted.

Before Rice, J., Aiken, August, 1912.    Reversed.

Action by W. L. Rawl against American Central Insurance Co.    Plaintiff appeals.

*Messrs. Hendersons,* for appellant, cite: *Under the agreement as to the policy the insurer is estopped from saying Rawl is not a party to the contract:* 48 S. C. 195; 67 S. C. 399; 74 S. C. 246; 13 Ency. 165, 172; 138 Am. R. 175; 5 Wall. 509.

*Messrs. Davis & Croft* and *Gunter & Giles,* contra.

*Messrs. Davis & Croft* cite: *Mortgagee must stand or fall on rights of mortgagor:* 39 A. S. R. 906; 54 N. E. 774; 66 A. D. 412; 10 Wall. 38. *Policy as issued is binding except in cases of fraud:* 77 S. C. 192.

*Messrs. Gunter & Giles* cite: *Construction of mortgage clause:* 138 Fed. 498; 120 Fed. 916; 153 Fed. 443; 19 Cyc. 714; 33 S. E. 887; 10 Misc. 369; 160 Fed. 399; 45 Pac.

431; 120 Fed. 916; 116 Fed. 276. *Rawl has no right of action:* May on Ins. 460-1-2, 464. *All rights of parties are governed by the contract:* 138 Fed. 499; 63 S. C. 198. *It is presumed the parties contracted with reference to a usual policy:* Rich. on Ins., sec. 42; 22 L. R. A. 773; 1 May on Ins. 37; 94 U. S. 629; 16 Ency. 853; 37 S. C. 63; 68 S. C. 387; 77 S. C. 192. *Written contract cannot be contradicted by parol:* 77 S. C. 191; 69 S. C. 90; 60 S. C. 486.

April 8, 1913. The opinion of the Court was delivered by

MR. JUSTICE WOODS. In this action, brought on a fire insurance policy, the Circuit Court sustained a demurrer to the complaint. The material facts alleged in the complaint, which, in considering the demurrer, must be taken as admitted, are as follows: The defendant on July 1, 1911, issued an insurance policy to J. J. Jeffcoat on a house and sawmill and other machinery. The plaintiff held a mortgage on the property, and in order to protect him, by agreement between Jeffcoat, the plaintiff, Rawl, and the agent of the insurance company, the provisions were inserted in the policy, "loss, if any, payable to Mr. W. L. Rawl, of Batesburg, S. C., as his interest may appear, subject nevertheless to all the conditions of this policy." The policy contains, also, these further provisions: "This policy shall be cancelled at any time at the request of the insured; or by the company, by giving five days' notice of such cancellation," and "If, with the consent of this company, an interest under this policy should exist in favor of a mortgagee, or any person or corporation having an interest in the subject of the insurance other than the interest of the insured as described herein, the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached, or appended hereto."

The defendant, on 20th of July, 1911, notified Jeffcoat, the owner, of its election to cancel the policy, took the policy up, and paid to Jeffcoat the unearned portion of the premium, taking his cancellation receipt therefor.  No notice was given to Rawl of the company's election to cancel, except a verbal notice on 28th of July, 1911, the day the property was destroyed by fire.

The main question involved is whether under the terms of the policy Rawl was entitled to the five days' notice of cancellation prescribed by the policy.  There can be no doubt that under a policy like this, a mortgagee, or other person, named as the payee as his interest may appear holds his protection under the policy subject to having it defeated by any act or omission of the assured which under the policy produces a forfeiture.  Under such a policy it is the owner's, not the mortgagee's interest that is insured, and the mortgagee must stand or fall on the performance or breach by the owner of his contract.  *Bates* v. *Equitable Insurance Company,* 10 Wall. 33, 19 L. Ed. 882; *Ermentrout* v. *American Fire Ins. Co.,* 60 Minn. 418, 62 N. W. 543; *Brunswick Savings Institution* v. *Commercial Union Insurance Co.,* 68 Me. 313, 28 Am. Rep. 56; *Seania Insurance Co.* v. *Johnson,* 22 Colo. 476, 45 Pac. 431; *Delaware Insurance Co.* v. *Greer,* 120 Fed. 916, 61 L. R. A. 137; *Vancouver National Bank* v. *Law Union & Crown Insurance Co.,* 153 Fed. 440.  But the question here is not as to the result to the mortgagee of an act or omission of the assured producing a forfeiture of the policy, but what under a reasonable construction of the terms of the policy did the *insurer* undertake to do as a condition of its right to cancel.  While the insurance company does not undertake to insure the mortgagee's interest, it places his name in the contract as one of the parties in interest; and it usually does so with full knowledge that it is of the utmost importance to the mortgagee that he should have notice of the cancellation of the policy, so that he may either obtain other insurance or insist on payment of

his debt.    In the face of these conditions, it stipulates in general terms that it may cancel the policy "by giving five days' notice of such cancellation."    Elsewhere in the policy, in almost all instances, the duties imposed are mentioned as duties imposed on the insured, but the burden placed on itself to give notice of cancellation is not expressly limited to the insured.    Is it not reasonable to construe the stipulation as meaning that notice shall be given to all persons who are, by the terms of the policy, interested in maintaining it in force?    Such a construction seems all the more fair and just when it is considered that the policy is written by the company, and for that reason the language is to be construed most strongly against it.    If the meaning is doubtful, or the language is calculated to mislead, the Courts will adopt the meaning most favorable to the maintaining of the liability.    *Sample* v. *Insurance Co.*, 46 S. C. 491; *Edgefield Mfg. Co.* v. *Maryland Casualty Co.*, 78 S. C. 73, 58 S. E. 969; *Royal Insurance Co.* v. *Martin*, 192 U. S. 149, 48 L. Ed. 385.

In *Lattan* v. *Royal Insurance Co.*, 45 N. J. L. 453, the precise point was involved, and it was held that the mortgagees were entitled under the terms of the policy to notice of cancellation.    In that case the Court said: "A mortgagee under such a policy takes the contract of the insurance subject to the conditions of the policy, and under the liability to have his rights defeated by a breach of the conditions of insurance by the assured; but nevertheless he takes under a contract with the insurer to pay him according to the terms of the policy.    *State Insurance Co.* v. *Maackens*, 9 Vroom 564.    The contract with the mortgagee is for insurance for the full term for which the policy is issued. The condition in question does not specify to whom notice shall be given and on the plainest principles of justice, the insurer, under such a stipulation, cannot terminate the contract of insurance by withdrawing it before the expiration of the term specified by the contract without notice to the

mortgagee. So far as the interest of the mortgagee is concerned, cancellation of the policy without notice to him would be unavailing."

We conclude that the plaintiff was entitled to five days' notice of cancellation under the allegations of the complaint and that the demurrer should have been overruled.

Reversed.