State of Minnesota v. Parrant.

---

#### *STATE OF MINNESOTA

*vs.*

#### UZEBE PARRANT

Upon the trial of defendant for murder, the court, after charging the jury, gave them a recess of five minutes, and they were allowed to leave the court room and go at large, without objection or remark of either party during said space of time, without being in charge of an officer. *Held:* to be error in law, and a new trial ordered.

This is an appeal from an order of the district court for Wright county, denying a motion for a new trial. The case is fully stated in the opinion of the court.

H. L. GORDON for Appellant.

F. R. E. CORNELL, Attorney General, for Respondent.

---

*Mr. Justice Berry being unavoidably absent, took no part in the hearing or decision of this case.

*By the Court*—RIPLEY, CH. J.—The defendant was convicted at the June term, 1869, of murder in the first degree of a child of which Mary Parrant, his wife, was delivered on the 9th of May, and which came to its death on the evening of the same day.

A motion was made for a new trial on the following grounds :

1. Irregularity in allowing the jury to separate and go at large during the trial.

2. Misconduct of James Finnegan, one of the jurors.

3. That the verdict is not justified by the evidence, and is contrary to law.

4. Errors in law occurring at the trial, and excepted to.

The motion was denied. As we are of opinion that it should have been granted upon the first ground, it is not necessary to consider the other alleged grounds of error. The court held in *State vs. Bilansky*, 3 *Minn.* 427, that the jury should be allowed to separate during the ordinary intervals of adjournment of lengthy trials in capital cases, where no special reason exists for denying it. In the *State vs. Ryan*, 13 *Minn.* 370, Wilson, Ch. J., in delivering the opinion of the court, says: " It was not error in the court to permit the jury to separate during the trial." The facts are not stated, but a reference to the record discloses nothing which distinguishes it from Bilansky's case, which is cited by the chief justice. In the case at bar, it appears that the trial lasted from June 2d till in the afternoon of June 4th ; that during all the ordinary intervals of adjournment the jury were allowed by the court to go at large, upon its own motion, the defendant's consent being neither asked nor given, he making no remarks whatever. It also appears that after the charge, the court gave the jury a recess of five minutes, and the said jury were allowed to leave the

court room and go at large without objections or remarks by either party for and during said space of time, without being in charge of an officer. The jury having returned, the sheriff was sworn to take charge of them, and they retired under his charge.

It may be admitted, that as to modes of procedure in trial, it is competent for the court to make and alter its rules as the ends of justice may require, when there are no statutory directions. *Stephens vs. People,* 9 *N. Y.* 549. But where there are any, they must be adhered to. By *Gen. Stat. ch.* 114, *sec.* 13, it is provided that after hearing the charge, the jury may either decide in court or retire for deliberation. If they do not agree without retiring, one or more officers shall be sworn to take charge of them; they shall be kept together in some private and convenient place, without food or drink, except bread and water, unless otherwise ordered by the court, &c. &c., and they shall be returned into court, when they shall have so agreed, or when ordered by the court.

The plain meaning of this section is, that after hearing the charge, the jury must, at once, do one of the two things specified, viz: either agree in court, or retire for deliberation; and if they cannot agree in court, they are immediately to be in charge of an officer sworn to keep them together. *Gen. Stat. ch.* 72, *sec.* 5.

All separation of the jury, in criminal cases, in the district court, after the case has been given to them, until agreement or their discharge for the causes specified, (*sec.* 16) is, in our judgment, contrary to the plain meaning and intent of the statute.

To say, that after hearing the charge, the jury may go at large for such time as the court may direct, and then return into court and either agree or retire, or that if they cannot

State of Minnesota v. Parrant.

agree without retiring, they may in like manner, go at large, and then return into court, and an officer being sworn to take charge of them, retire in his charge, would, in our opinion, be making a new section, not construing this one. It follows that the district judge, in thus allowing the jury to go at large, exceeded his authority. We are not at liberty to treat this as an irregularity not affecting the verdict unless it is made to appear that defendant has been in fact prejudiced thereby. We can see no difference in principle between it and allowing the jury to go at large after they have retired for deliberation; in which case it would hardly be contended that such a direction of the court did not amount to error in law. We need not inquire whether the defendant could have waived the objection thus arising, for he has not attempted to do so. His consent was not asked, and that he did not object is, therefore, no evidence that he assented. For the aforesaid error in law, the verdict must be set aside.

While, as already observed, this renders it unnecessary to consider the other points made in the case, and among them the effect of the alleged misconduct of the juror Finnegan, the facts in this respect will not allow us to pass them over in silence. It appears from the affidavits used on the motion, that he habitually drank spirituous liquor during the progress of the trial; that on the day preceding that on which the case was given to the jury, the court sat till after midnight; that after it had adjourned, Finnegan repaired to a saloon and there remained till nearly three o'clock A. M., playing at cards for, and drinking spirituous liquor, and there is strong ground to believe, to excess.

This we should consider gross misconduct in a civil case; and where life or liberty were involved, a case must indeed

be clear on the merits, in which we should sustain a conviction under such circumstances.

Judgment reversed, and a new trial ordered.