## Wolfgang Eich

### vs.

## Oscar Taylor.

After the jury in this case had retired to consider their verdict, one of their number separated himself from his fellow jurors, and attempted to send to the plaintiff a letter on a subject of no interest to the parties to the action, and containing a request that the plaintiff would send the letter to the juror's wife. The letter never came to the plaintiff's hands, having been burned by the sheriff, and the plaintiff was free from blame in the matter. *Held*, that the juror's conduct, though improper, is not sufficient ground for setting aside a verdict for the plaintiff.

Appeal by defendant from an order of the district court for Stearns county, denying a motion for a new trial for alleged misconduct of the jury. The case is stated in the opinion.

Kerr & Collins, for Appellant.

D. B. Searle and E. O. Hamlin, for Respondent.

Eich v. Taylor.

*By the Court.*—YOUNG, J.—The appellant alleges, as instances of misconduct on the part of the jury, for which a new trial should be granted, *first*, that several of the jurors, during the trial, held improper conversations in regard to this case with persons not jurors; and *second*, that after the jury had retired, one of their number, Nicholas Post, separated himself from his fellow jurors, and attempted to communicate with the plaintiff.

The affidavits read in support of the first charge do not, in our opinion, outweigh the affidavits of the twelve jurors, read in behalf of the respondent, and we must regard this charge as not proved.

To sustain the second allegation, the appellant has read the affidavit of Susan Miller, a girl of seventeen years, an inmate of the sheriff's household, and well acquainted with the juror, Nicholas Post. She states, in substance, that as she was standing at the door of the jail building, in the city of St. Cloud, the juror, Post, came from out of doors into the jail building, and put a letter into her hands, addressed upon the outside to the plaintiff, saying, "Give this letter to Eich. He is so far away I cannot give it to him. Be sure and give it to Eich himself;" that after handing her the letter, Post went directly to the room in the jail building, where the jury in in this case were then deliberating upon their verdict, and she immediately gave the letter to Geisel, the sheriff, at his request, who immediately opened and read the letter, and put it into the stove; that she lived a neighbor of Post, when at home with her parents, for the past three years.

Geisel, the sheriff, after stating in his affidavit the receipt of a letter from Susan Miller, " while the jury were deliberating upon their verdict, in a room in the jail building adjoining the court house," says that he read the letter, which was addressed upon the outside to Eich, and was substantially as follows:

"ST. CLOUD, June 14.

"WOLFGANG EICH—SIR,—We can't agree; we are eleven and one. Biggerstaff is the one against you. The rest of us are in your favor, and no prospect of agreeing.

"NICHOLAS POST."

On the other hand, the juror Post in his affidavit denies writing the foregoing letter, and states that he wrote a note at the time referred to, and handed the same to Susan Miller, which contained the following, viz.:

"ST. CLOUD, June 14th.

"I have a man that worked for me two years, and his name is Avon Biggerstaff, and I want him back again this year, and I can't make arrangements with him. I want Wolfgang Eich to send this letter to my woman;" that the letter was written in German letters, and in the Holland language; that he requested Susan Miller to hand the letter to the plaintiff, Eich, so that Eich could send the same to his (Post's) wife, in order that she might make the arrangement with Biggerstaff, which he was unable to make, by reason of his being upon the jury; that he then knew that one Webber, who had lived near his place of residence, and was a brother-in-law of Eich, was then in St. Cloud, and that he thought that Eich would have an opportunity to send the letter to his (Post's) wife, at his place of residence by Webber.

As to Post's separation from the rest of the jurors, it is conceded by the appellant's counsel that this alone, without other misconduct, would not be sufficient ground for a new trial; and in the absence of any evidence to the contrary, we must presume that J. H. Dennis, the deputy sheriff sworn to keep the jury, performed his duty; that he did not permit Post to be absent from the jury room, except for proper purposes and for a reasonable time, and that, during such absence, Post was in this officer's charge. There seems to be no ground for the

Eich v. Taylor.

suggestion made upon the argument, that Post, during his absence, had been in search of the plaintiff.

Accepting Post's version of the contents of the letter, and his statement of his motive in writing and sending it, we are of opinion that his conduct, although irregular, and deserving the reproof it would doubtless have received had the sheriff brought the letter to the notice of the district court, does not furnish sufficient ground for a new trial. His misconduct has not been so gross that the verdict should be set aside on account of his unfitness to be a juror, irrespective of the question of bias. We do not think that the writing and sending the letter shows him to have been already biased in favor of the plaintiff, or that his expectation and belief, that the plaintiff would do for him an act of mere neighborly kindness, by handing the letter to his brother-in-law, Webber, would create such a bias in the mind of a juror, otherwise competent, as to vitiate a verdict, in which eleven unbiased jurors agreed with him, and which the appellant does not claim to be unsupported by the evidence.

It is not alleged that the plaintiff was in any way implicated in Post's misconduct. If he is to be punished by the loss of the verdict in his favor, it is not for any wrong-doing of his own. Had he sought out Post, and volunteered to be his messenger, there might be reason in setting aside the verdict, because of the plaintiff's, rather than the juror's misconduct; but even in such cases, it has been held, that a slight service of this kind, rendered to a juror by a party to the action, is not, in itself, ground for a new trial. *Hilton vs. Southwick*, 17 *Me.* 306; *and see McIlvane vs. Wilkins*, 12 *N. H.* 476; *Com. vs. Roby*, 12 *Pick.* 519; *Foster vs. Brooks*, 6 *Ga.* 297.

The order denying a new trial is affirmed.