## STATE OF MINNESOTA *vs.* FRANK CONWAY.

### January 26, 1877.

**Motion in Arrest of Judgment.**—In a criminal case a motion in arrest of judgment after verdict cannot be predicated upon matter not appearing upon the face of the record.

**Same—Defect of Authentication of Grand-jury List.—**A defect in the authentication of the grand-jury list, filed with the clerk of the district court, from which the grand jury finding the indictment was drawn, cannot be taken advantage of on a motion of this character.

**New Trial—Separation of Juror from his Fellows.—**A temporary separation of a juror from his fellows, after the withdrawal of the jury, under the charge of the court, for deliberation upon their verdict, is no ground for a new trial, when it clearly and affirmatively appears that no prejudice resulted, and that the facts and circumstances connected with the separation were such as to exclude all reasonable presumption or suspicion that the juror was tampered with, or that the verdict was or could have been in any way influenced or affected by the irregularity.

The defendant was tried and convicted, in the district court for Waseca county, *Lord*, J., presiding, on an indictment for larceny of two horses. He moved in arrest of judgment because the grand-jury list delivered to the clerk of the court was certified by the county auditor alone, and was not signed or certified by the chairman of the board of county commissioners, as required by Gen. St. c. 8, § 98, and because the officer in charge of the jury had allowed them to separate after they had retired to consider of their verdict. On the latter ground, and because of the refusal of the court to grant a continuance, and for alleged misconduct of two jurors, he also moved for a new trial. Both motions were denied, and judgment was rendered against the defendant, from which he appealed

*Amos Coggswell* and *B. S. Lewis*, for appellant.

*Geo. P. Wilson*, Attorney General, for the State.

CORNELL, J.  A motion in arrest of judgment in a criminal case cannot be predicated upon matter not appearing upon the face of the record.  3 Wharton Am. Cr. Law, § 3043; 1 Bish. Cr. Pro. § 850.

Conceding, then, that the list of persons selected by the board of county commissioners to serve as grand jurors was not properly certified and signed by the chairman of the board, prior to its delivery to the clerk of the district court, and that the statute in this regard is anything more than directory, this was a matter of which the defendant could

take no advantage, after trial and verdict, on a motion in arrest of judgment.

2. The question which was raised in this case, upon the application to continue the trial of the indictment, was one addressed to the sound discretion of the trial court, and its decision is not reviewable, except for manifest abuse of judicial discretion. *State* v. *McCartey*, 17 Minn. 76. The record before us presents no such case. The continuance was sought for the purpose of obtaining the testimony of one Cullen, as a witness to facts testified to by him on the preliminary examination of defendant before the committing magistrate. Upon the facts disclosed it was at least doubtful whether sufficient diligence had been used to secure his personal attendance, or whether it could be procured in case the application was granted. Moreover, the testimony which he gave on the examination was read to the jury, under a stipulation of the parties, from the minutes kept by the magistrate, and no suggestion is made impeaching their accuracy or correctness. In view of these circumstances it is difficult to perceive how defendant was prejudiced by the decision.

3. Defendant claims that a new trial ought to have been granted because of the misconduct of two members of the petit jury. After retiring for deliberation, Lindley, one of the jurors, in answer to a call of nature, absented himself from the jury-room for one or two minutes, by permission of the officer having the jury in charge. It affirmatively appears, however, that he remained in the custody and sight of the officer during the whole period of his absence, and that no communication whatever took place between him and any one. A separation under such circumstances raises no suspicion against the conduct of the juror, or the purity and integrity of the verdict, and furnishes no ground for a new trial.

The conduct of the juror, Brisbane, though unaccompanied by any wrongful intent, is not equally free from criticism

and censure. While the jury were retiring to consider their verdict, and before all had reached and entered the jury-room, this juror separated himself from his fellows, and returned, alone and unattended by any officer, to obtain an order from the court directing the jury to be provided with water. He did this, as stated in his affidavit, because the deputy sheriff having them in charge doubted his right to provide water, and declined to make any request of the court for that purpose. It affirmatively appears that he went directly from the jury-room, through an open hall, some forty feet, to a flight of stairs leading into the court-room, thence up the stairs, and across the court-room about thirty feet to a table, where, meeting the presiding judge, he preferred his request; that the judge then informed him that he had no right to be away from the rest of the jury, whereupon he returned at once, direct to the jury-room, followed immediately by the sheriff, under the direction of the court. A large number of persons, including defendant and his attorneys, was present in the court-room at the time. It is stated in the affidavits of defendant and one of his attorneys, "that, while said Brisbane was coming from the head of the stairs to the said table, he spoke to several of the said persons (spectators) standing in the court-room, and they to him, but what was said between them they (affiants) did not learn." In opposition to this Brisbane makes affidavit, positively stating that, in thus going from and returning to the jury-room, he neither spoke to, nor had any conversation whatever with, any one except with the judge, as hereinbefore stated. In this he is corroborated by the affidavits of the sheriff and the deputy who had the jury in charge. In respect to the conflicting statements contained in the moving and opposing affidavits, it was a matter within the peculiar province of the district court to determine what degree of weight and credit ought, under the circumstances, to be given to each, and its decision therein must be deemed conclusive upon this court, especially in view

of the fact that the transaction occurred mostly within the immediate presence and observation of the trial court. Hence, in considering the question whether the verdict ought to be set aside because of the misconduct of this juror, it must be assumed that the court below was fully and clearly satisfied, upon the evidence before it, that, during his temporary separation from his fellows, he had no communication whatever with any one, except with the court, as hereinbefore stated, and that the facts and circumstances therewith connected excluded all reasonable inference, presumption, or suspicion that he had been tampered with, or that the verdict was or could have been in any way influenced or affected by the irregular conduct complained of. The irregularity, though good ground for censure, and, perhaps, for punishing the juror, could work no possible prejudice to the defendant, and therefore did not entitle him to a new trial. *Eich* v. *Taylor*, 20 Minn. 378.

The record before us does not purport to disclose all the testimony; the point made upon the insufficiency of the evidence cannot, therefore, be considered.

Judgment affirmed.