## STATE v. ALEXIS E. GEORGIAN.[1]

February 6, 1914.

Nos. 18,579—(309).

**New trial — separation of juror in criminal prosecution.**
    A temporary separation of a juror from the others, after the case has

[1] Reported in 145 N. W. 385.

been submitted to them, is no ground for a new trial, where the facts and circumstances exclude all reasonable inference, presumption, or suspicion that the juror has been tampered with, and it clearly and affirmatively appears that no prejudice has resulted.

Defendant moved the municipal court of Minneapolis to set aside the judgment convicting him of criminal libel and to grant him a new trial for the reasons stated in the opinion. The motion was denied, Bardwell, J. From the order denying his motion, defendant appealed. Affirmed.

*Grotte & Bowen,* for appellant.

*Daniel Fish,* City Attorney, and *W. G. Compton,* Assistant City Attorney, for respondent.

HALLAM, J.

Defendant was convicted of criminal libel. Only one question is raised on this appeal. After the jury had retired, one of the 12 requested the officer in charge to permit him to go to a toilet room. He was permitted to do so, and to leave the jury room for that purpose. The affidavits on the part of the state are to the effect that the door of the toilet room was about 30 feet from the door of the jury room; that the bailiff accompanied the juror about half-way and then requested the deputy clerk of the court to unlock the door, which he did, and that the juror passed in without conversation with any one. No one else was in the toilet room at the time. In a few minutes the juror came out and returned to the jury room. While he was in the toilet room the officer stood in the hall-way watching the door and also the door of the jury room, both of which were in his sight all of the time.

Defendant in an affidavit states that while the juror was passing through the hall, the juror and the deputy clerk engaged in conversation in a low tone of voice. This is denied by the juror, the deputy clerk and the officer in charge. Defendant moved to set aside the verdict on the ground of this alleged misconduct. The court denied the motion.

It must be assumed that the trial court found that the juror had no such conversation, and that the facts and circumstances "exclud-

ed all reasonable inference, presumption or suspicion that he had been tampered with." The determination of this question was within the peculiar province of the trial court, and, upon the showing made, we ought not to disturb it. State v. Conway, 23 Minn. 291.

There was not here any such misconduct as should vitiate the verdict of the jury. We do not wish to minimize the importance of securing the rights of litigants against the possibility of jury tampering. The courts are very properly jealous of any outside influence upon the jury during the course of a criminal trial, and scrutinize with great care any separation of jurors while they are engaged in deliberating upon their verdict. The statute imposes the duty of keeping jurors together after the case has been submitted to them. G. S. 1913, § 9208. The separation of jurors is presumptively prejudicial, unless it clearly and affirmatively appears that no prejudice has resulted. But the law cannot regard trifling and technical irregularities. It would not do to hold that separation of one juror from the others for the purpose and under the circumstances here disclosed, is sufficient to upset a verdict. The same question has arisen twice before in this court, and in each case a new trial was denied. State v. Conway, 23 Minn. 291; State v. Matakovich, 59 Minn. 514, 61 N. W. 677.

Order affirmed.