**Timothy McDONALD, Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C4–84–298.**

Court of Appeals of Minnesota.

July 10, 1984.

C. Paul Jones, Minn. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., Thomas L. Johnson, Hennepin County Atty., Rick Osborne, Asst. County Atty., Minneapolis, for respondent.

Heard, considered and decided by POPOVICH, C.J., and FORSBERG and RANDALL, JJ.

## OPINION

FORSBERG, Judge.

This is an appeal from an order denying post-conviction relief, Minn.Stat. ch. 590. Appellant's petition challenged the trial court's ruling on the admissibility of evidence against him, and the denial of his motion for a mistrial. We affirm.

## FACTS

Appellant was charged with possession of a Schedule II controlled substance, Dilaudid, and with possession with intent to sell Benzedrine, another controlled substance. He was convicted of the first offense, and acquitted of the second. He did not appeal his conviction.

Appellant was arrested on December 4, 1981. He was not searched at the scene of his arrest, but was strip searched after his arrival at the county jail. The police officer who conducted this search claimed to have found a cigarette pack in appellant's jacket, which had been taken from him when he entered the facility. Pills later analyzed and discovered to be Dilaudid were allegedly found in the cigarette pack. Appellant denied having had any cigarettes in his jacket.

The officer initialed the pack, and turned it over to another officer who also initialed it and locked it in an evidence safe. Several days later, it was taken to the city chemist.

The city chemist testified that she analyzed the pills, and determined them to be Dilaudid pills. She stated that she placed the cigarette pack and pills in another evidence safe, and gave them, on the morning of trial, to Sergeant Sanford. Sergeant Sanford testified that he picked up a box containing a large number of trial exhibits, and brought them to a locked property room. The supervisor of that room testified that she took the box from the room and delivered it to the city chemist, who brought it to the courtroom. The envelope containing cigarette pack and pills was brought to the courtroom by Officer Capistrant.

While on the stand, Officer Capistrant could not locate the pills within the envelope, State's Exhibit 1. The city chemist was later recalled and was able to locate the pills. At that time, there were only four pills, as compared with the 10 pills initially identified at the county jail.

During a recess in the trial, the appellant was confronted by a potential state's witness in the case, a man whose name was mentioned during the testimony, as being in appellant's company when he was arrested. This confrontation occurred in the presence of the jurors. The individual shouted at appellant, "What the hell are you trying to do to me?" The individual was not called as a witness. The trial court, without questioning the jury, denied a defense motion for a mistrial. The jury was instructed to disregard the remarks.

## ISSUES

1. Did the trial court abuse its discretion in admitting the Dilaudid pills into evidence?

2. Did the trial court abuse its discretion in denying the motion for a mistrial?

## ANALYSIS

### I.

■ The Supreme Court has held that post-conviction relief is available to review the admissibility or sufficiency of the evidence. *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976). The standard of review of the adequacy of foundation for the admission of evidence is whether an abuse of discretion is shown. *State v. Williams*, 337 N.W.2d 689 (Minn.1983).

■ Appellant claims a number of deficiencies in the chain of custody presented to establish foundation for admission of the Dilaudid pills. The chain of custody requirement is intended to ensure that the evidence offered at the trial is the same as that seized, and that it is in substantially the same condition. *State v. Johnson*, 307 Minn. 501, 239 N.W.2d 239 (1976). Admissibility is within the sound discretion of the trial court. As the Court stated in *Johnson:*

"Admissibility should not depend on the prosecution negativing all possibility of tampering or substitution, but rather only that it is reasonably probable that tampering or substitution did not occur. Contrary speculation may well affect the weight of the evidence accorded it by the factfinder but does not affect its admissibility."

307 Minn. at 505, 239 N.W.2d at 242.

■ The State produced all the individuals involved in the chain of custody, who testified as to their receipt and transfer of the evidence. The case involved a large number of exhibits in separate envelopes, but boxed together. The fact that one of the witnesses did not testify specifically as to the receipt or handling of the Dilaudid pills did not affect the adequacy of the foundation. Similarly, the failure of one officer, serving merely as a courier for the evidence, to locate the Dilaudid pills in the exhibit while on the stand, did not undermine the foundation presented.

■ Appellant contended at trial that the cigarette pack was planted on him by the police at the jail. We do not view this defense as in any way affecting the extent of the foundation required. Chain of custody establishes only the authentication of the evidence as that which was seized, *State v. Winston*, 300 Minn. 314, 219 N.W.2d 617 (1974), and has no relevance to the ultimate source of the material prior to seizure.

■ The fact that only four pills were found following the chemist's analysis does not affect the admissibility of the remaining pills. To find these admissible, the trial court was required to determine that it was reasonably probable that tampering or substitution did not occur. *State v. Johnson*, 307 Minn. 501, 505, 239 N.W.2d 239, 242 (1976). Any adverse inference from the depletion of the pills was for the jury to consider in weighing the evidence. *Id.*

### II.

The outburst directed at the appellant and witnessed by the jury, was equivocal in nature. The trial judge was promptly informed of it and gave the jury a cautionary instruction.

■ The better procedure, where a possibility exists that prejudicial material has been presented to the jury, is to conduct a voir dire of the jury. *State v. Cox*, 322 N.W.2d 555, 559 (Minn.1982) (remark of sheriff-bailiff implying guilt of the defendant); *see also, State v. Holly*, 350 N.W.2d 387 at 389 (Minn.Ct.App.1984) (nonsequestration of jury). However, the individual involved in the outburst did not testify, and any prejudicial impact of his remarks would be speculative. Neither the arrest, nor illegal drugs, either in connection with the arrest or in general, were mentioned during the brief outburst. In view of the cautionary instruction given, and the weight of the evidence against appellant, there was no prejudicial error in refusing to declare a mistrial.

## DECISION

The chain of custody was sufficiently established to make it reasonably probable that the Dilaudid pills were what they were represented to be. The outburst to which the jurors were exposed was sufficiently equivocal as not to threaten actual prejudice to appellant requiring a mistrial.

Affirmed.