**STATE of Minnesota, Respondent,**

v.

**Juan NMN MARCHBANKS, aka Rahsaah NMN Smith, Appellant.**

**No. C8–00–1823.**

Court of Appeals of Minnesota.

Aug. 7, 2001.

Mike Hatch, Minnesota Attorney General, St. Paul, and Amy Klobuchar, Hennepin County Attorney, J. Michael Richardson, Assistant Hennepin County Attorney, Minneapolis, for respondent.

John M. Stuart, Minnesota Public Defender, Steven P. Russett, Assistant State Public Defender, Minneapolis, for appellant.

Considered and decided by R.A. RANDALL, Presiding Judge, and ROBERT SCHUMACHER and G. BARRY ANDERSON, Judges.

## OPINION

G. BARRY ANDERSON, Judge

Appellant Juan Marchbanks (aka Rahsaah Smith), convicted of unlawful possession of a firearm and second-degree controlled substance possession, argues that the district court abused its discretion by (1) failing to grant his motion for mistrial after a prospective juror asked whether appellant was a felon and (2) admitting a police officer's testimony that the amount of cocaine recovered was consistent with sale. Appellant also argues that the district court abused its discretion by ordering separate sentences for the two convictions. We affirm.

## FACTS

On April 17, 2000, Minneapolis Police Officer Jeffrey Werner received a radio dispatch reporting a shot fired in the area of 24th Street and 10th Avenue South. Werner, approximately two blocks away at the time, drove to the address and observed a man walking down the street. Werner asked the man, later identified as appellant, whether he had heard any shots. Appellant answered "no," but immediately "took off running northbound on 10th Avenue."

Werner chased appellant and saw him "throw two plastic bags from his hand." Werner continued to chase appellant and saw appellant "reaching into his pocket again and [throw] what [Werner] immediately knew was a gun. It hit [a house] and then fell down into the flower bed." Werner ran up behind appellant and pushed him to the ground. Another officer, Charles Storlie, arrived at the scene and he and Werner attempted to handcuff appellant. When appellant failed to respond to Storlie's commands, a struggle ensued. During the struggle, appellant told officers to be careful because appellant's jaw was broken; this proved untrue.

After the officers handcuffed appellant, Werner retraced the chase route and recovered the plastic bags and the gun. The .22 caliber Derringer pistol was loaded with three rounds; one round had been fired and two live rounds remained. The bags contained 54 individually-wrapped rocks of crack cocaine, as determined by subsequent testing.

The state charged appellant with felon in possession of a firearm, a violation of Minn.Stat. § 624.713, subds. 1(b) and 2 (2000), second-degree controlled substance sale, a violation of Minn.Stat. § 152.022, subd. 1(1) (2000), and second-degree controlled substance possession, a violation of Minn.Stat. § 152.022, subd. 2(1) (2000).

At trial, appellant stipulated that he was ineligible to possess a firearm. During jury selection, a juror asked the prosecutor whether appellant was ineligible to possess a firearm because appellant was a felon. The prosecutor replied, "I cannot answer the question," and at the close of jury selection, the defense attorney moved for mistrial. The district court denied the motion. During trial, the prosecutor asked Werner about the crack cocaine. Over defense counsel's objection, the district court allowed testimony that the amount recovered was greater than for personal use. At the close of the trial, the state amended the complaint and dismissed the controlled-substance sale charge.

The jury found appellant guilty of the remaining charges. The district court imposed separate sentences for the two convictions, and ordered concurrent, presumptive prison terms of 60 months for the firearm conviction and 98 months for the controlled substance conviction. Appellant challenges both his convictions and his sentences.

## ISSUES

I. Did the district court abuse its discretion by (1) denying appellant's motion for mistrial when a prospective juror asked whether he was a felon and (2) admitting the arresting officer's testimony that the amount of cocaine recovered was consistent with sale?

II. Did the district court abuse its discretion by ordering separate sentences?

## ARGUMENT

### I.

Appellant first argues that the district court deprived him of a fair trial because (1) during jury selection, a prospective juror asked whether appellant was ineligible to possess a firearm because he was a felon, and the district court denied appellant's motion for mistrial and (2) the prosecutor elicited testimony from Werner that suggested appellant sold crack cocaine.

The United States and Minnesota Constitutions provide criminal defendants with the right to a fair trial. *See* U.S. Const. amend. VI (granting right to a fair trial); Minn. Const. art. I, § 6 (same).

The constitutional guarantee of a fair trial does not require a perfect trial, but rather one that is fair and does not prejudice the substantial rights of the accused. *State v. Billington*, 241 Minn. 418, 427, 63 N.W.2d 387, 392–93 (1954).

### A. Motion for Mistrial

■ Appellant contends that the district court violated his right to a fair trial by denying his motion for mistrial. When reviewing a denial of a motion for a mistrial, this court applies an abuse-of-discretion standard. *State v. Long*, 562 N.W.2d 292, 296 (Minn.1997).

■ During jury selection, the prosecutor asked each prospective juror if he or she agreed that some people should not be able to possess firearms. In response to this question, one prospective juror asked the prosecutor whether appellant could not possess a firearm because appellant was a felon. The prosecutor answered, "I cannot answer the question." Appellant objected, and the prosecutor moved on to other questions. Appellant struck the juror, and, after jury selection was completed, moved for mistrial. Defense counsel argued that the reason appellant had stipulated to the fact that appellant had a prior felony conviction was to keep that fact from the jury. The prospective juror's question tainted the other jurors because, argued defense counsel, it let "the cat out of the bag." The district court denied the motion.

Appellant correctly points out that informing the jury that a defendant is a convicted felon may prejudice that defendant. *See State v. Davidson*, 351 N.W.2d 8, 11 (Minn.1984) (discussing the prejudice and the circumstances warranting admission of prior felony evidence). In this case, however, the jury was not so informed. When asked whether appellant was a felon, the prosecutor stated she could not answer the juror's question, and it remained unanswered. *Cf. McDonald v. State*, 351 N.W.2d 658, 660–61 (Minn.App. 1984) (no prejudice where statement about guilt or innocence is equivocal), *review denied* (Minn. Oct. 16, 1984). Rather than highlight the issue, the prosecutor moved on to other questions, minimizing any impact of the question. *See State v. Graham*, 371 N.W.2d 204, 207 (Minn.1985) (no abuse of discretion for failing to grant mistrial where prosecutor minimized any prejudice from emotional statement by asking for recess).

In addition, defense counsel struck the questioning juror, and the district court instructed the selected jurors that they were not to speculate when answers to questions were not allowed by the court, further minimizing any prejudicial effect of the question. *See State v. Miller*, 573 N.W.2d 661, 675–76 (Minn.1998) (no abuse of discretion where counsel and court minimized potential harm from witness' unexpected reference to defendant's past felonies through jury and witness instructions).

■ Finally, the district court did not believe that the remark was "going to have any kind of a taint really of a serious nature on the jury," and was left with the impression that the parties "skated past [the juror's question] pretty smoothly, in terms of minimizing [the question]." We defer to such observations because the district court is in the best position to evaluate whether prejudice, if any, warrants a mistrial. *Graham*, 371 N.W.2d at 207. We therefore conclude that the district court did not abuse its discretion by denying appellant's motion for mistrial.

### B. Cocaine Sale Testimony

■ Appellant next contends that the district court denied him a fair trial by

permitting the state to elicit testimony from Werner concerning the amount and packaging of the cocaine allegedly possessed by appellant because the state had dismissed the sale charge. We treat this contention as a challenge to the admission of evidence. The district court has broad discretion in evidentiary matters and its rulings will not be disturbed absent a clear abuse of discretion. *State v. Shannon,* 583 N.W.2d 579, 583 (Minn.1998); *State v. Johnson,* 568 N.W.2d 426, 432 (Minn.1997).

A defendant claiming error in the district court's admission of evidence bears the burden of showing that the district court erred and that prejudice resulted. *State v. Kennedy,* 585 N.W.2d 385, 389 (Minn.1998). Even if an evidentiary ruling is in error, a reversal is warranted only when the error substantially influences the jury to convict. *State v. Loebach,* 310 N.W.2d 58, 64 (Minn.1981). The following is the relevant exchange:

> [Prosecutor]: What was significant based on your experience that there were 54 individually wrapped rocks of crack cocaine in one of the plastic baggies? What did that indicate to you?
> [Appellant's counsel]: Objection, conclusion.
> The Court: I'll allow it. Go ahead.
> [Prosecutor]: I'm sorry, Your Honor?
> The Court: I'm going to allow it. Go ahead.
> The Witness: Having 54 individually wrapped rocks of crack cocaine would indicate to me that the person is selling the rocks. That's how crack cocaine is typically sold, in rocks. They are little small pills that sell for 20 bucks apiece.

Appellant's counsel unsuccessfully objected to the prosecutor's question on the basis that it called for a "conclusion." Respondent argues that the objection challenges the form of the question, not the

substance, and that because appellant failed to raise any other objection, he has waived his right to challenge the officer's testimony. Failure to object at trial to the admission of prejudicial evidence constitutes a waiver of the right to have the issue considered on appeal. *State v. Moorman,* 505 N.W.2d 593, 602 (Minn. 1993).

But an objection based on "conclusion" does not challenge the form of the question. The objection challenges anticipated *testimony* that involves an improper conclusion. Testimony contains conclusions when the witness draws inferences that may lead a jury to an improper conclusion. *See generally* James P. Fleissner, *Mastering Trial Objections: The Spin Control Method,* 20 Am. J. Trial Advoc. 591 (1997) (explaining the objection to a question calling for an impermissible conclusion). By objecting, appellant's counsel challenged the admission of the evidence that would allow the jury to reach the conclusion that appellant engaged in drug sales. Thus, the objection preserved appellant's right to challenge the admission of Werner's testimony on appeal.

It is difficult for us to evaluate the relevancy of the testimony, however, because the record is not clear as to precisely when the state dismissed the controlled-substance sale charge. The transcript shows that the state orally amended the complaint *after* Werner's testimony. Appellant points out, however, that the elements of controlled-substance sale were not part of either party's opening statements, suggesting that, as a practical matter, the amendment occurred before trial.

If the state amended the complaint before Werner's testimony, the district court abused its discretion by permitting the testimony because it was irrelevant. The basic requisite for the admissibility of any

evidence is that it be relevant. Minn. R. Evid. 402. If the state dismissed the controlled substance sale charge at the beginning of trial, Werner's testimony concerning drug amounts consistent with sale had no bearing on the elements of the remaining charged offenses: felon in possession of a firearm and controlled substance possession.

We need not resolve this question, however, because the record demonstrates that the error, if any, did not substantially influence the jury to convict appellant. The fact that police recovered 54 individually wrapped rocks of crack cocaine was already properly before the jury before appellant's objection, and, as respondent points out, the jury could hardly have been startled to learn that the amount recovered is greater than for personal use. The other evidence against appellant is overwhelming: Werner encountered appellant within minutes of receiving a shot-fired dispatch and saw him discard the plastic bags and the gun as he fled. Only one round had been fired from the gun, matching the number of shots reported. Appellant resisted arrest and lied to officers, falsely telling them his jaw was broken. Moreover, the prosecutor argued that appellant possessed the gun because he was protecting his "product," and appellant did not object nor seek a curative instruction, which suggests there is no prejudice. *See State v. Ives*, 568 N.W.2d 710, 713 (Minn. 1997) (stating that the failure to object or seek a curative instruction "weighs heavily" against reversal and it implies that the prosecutor's comments were not prejudicial). We conclude that, even if the state dismissed the sale charge before Werner's testimony concerning the sale amounts of cocaine, and even if the district court erred by admitting the testimony, that error does not warrant reversal.

## II.

Appellant next argues that the district court erred by ordering separate sentences for his two convictions because they arose from the same behavioral incident. A district court has great discretion in sentencing, and we may not substitute our own judgment for that of the district court. *McLaughlin v. State*, 291 Minn. 277, 284, 190 N.W.2d 867, 872 (1971). Whether multiple offenses form part of a single behavioral act is a question of fact. *See Effinger v. State*, 380 N.W.2d 483, 489 (Minn.1986) (reviewing district court's finding of two separate behavioral acts under clearly erroneous standard). But where the facts are established, the determination is a question of law subject to de novo review. *See State v. Reimer*, 625 N.W.2d 175, 176 (Minn.App.2001) (reviewing district court's separate-incident determination de novo where the facts were undisputed).

Under Minn.Stat. § 609.035, subd. 1 (2000), a person who commits multiple offenses against the same victim during a "single behavioral incident" may be punished for only one offense. *Id.; see also State v. Herberg*, 324 N.W.2d 346, 348 (Minn.1982) (explaining the rule). In determining whether a series of offenses constitutes a single behavioral incident, the relevant factors are (1) unity of time and place and (2) whether the segment of conduct involved was motivated by an effort to obtain a single criminal objective. *State v. Bookwalter*, 541 N.W.2d 290, 295 (Minn. 1995); *see State v. Eaton*, 292 N.W.2d 260, 266 (Minn.1980) (noting single behavioral incident is result of single motivation directed toward single criminal goal).

We have explained that where offenses are committed and proven independently of the others, they are not part of a single behavioral incident. *State v. Butcher*, 563 N.W.2d 776, 784 (Minn.App.1997), *review*

*denied* (Minn. Aug. 5, 1997). The Minnesota Supreme Court has held that, where nothing in the record shows unlawful possession of a firearm furthers the crime of controlled substance possession, the crimes are separate behavioral incidents even though police may discover the offenses at the same time. *Mercer v. State,* 290 N.W.2d 623, 626 (Minn.1980).

Appellant contends that, under the state's theory of the case, he possessed the gun only to further the sale of the cocaine found in his possession, and therefore his crimes are part of a single behavioral incident. We disagree. Appellant's conduct is divisible. Appellant could unlawfully possess a firearm without possessing any crack cocaine, and conversely, he could possess crack cocaine without possessing a firearm. *See, e.g., Butcher,* 563 N.W.2d at 784 (offense of possessing uncased firearm separate from illegal taking of deer because, although committed in same time frame, were independent of each other); *State v. Thomas,* 352 N.W.2d 526, 529 (Minn.App.1984) (assault, although occurring within a minute of cocaine sale, did not further the sale and was therefore a separate crime), *review denied* (Minn. Oct. 11, 1984). *Cf. State v. Reese,* 446 N.W.2d 173, 180 (Minn.App.1989) (possession of two controlled substances at the same time and place, for personal use, constitutes a single behavioral incident), *review denied* (Minn. Nov. 15, 1989).

Police found appellant in possession of both a firearm and crack cocaine. Although the facts permit the inference that appellant used the gun to protect his "product," appellant ultimately was not charged with, nor convicted of, selling cocaine. The "sale" aspect of his conduct, if any, was not conclusively determined by the jury. There is insufficient evidence in the record to establish that appellant's two offenses "arose out of a continuing and uninterrupted course of conduct, manifesting an indivisible state of mind or coincident errors of judgment." *State v. Gibson,* 478 N.W.2d 496, 497 (Minn.1991) (citation omitted). This record, as in *Mercer,* lacks the required facts to support the contention that the firearm possession furthered appellant's possession of cocaine, or the converse. We conclude that the district court acted within its discretion by concluding that the crimes were not part of a single behavioral incident and ordering separate sentences.

## DECISION

The district court did not abuse its discretion by denying appellant's motion for mistrial because the parties and the court took steps that minimized any prejudicial effect of a prospective juror's remark. Any district court error in admitting into evidence testimony that the amount of cocaine recovered was consistent with sale does not warrant reversal because that testimony did not substantially influence the jury to convict appellant. The district court did not abuse its discretion by ordering separate sentences because appellant's crimes were not part of a single behavioral incident.

Affirmed.