*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2068**

State of Minnesota,
Respondent,

vs.

Janiece Rochelle Asante,
Appellant.

**Filed September 29, 2014
Affirmed in part, reversed in part, and remanded
Smith, Judge**

Pennington County District Court
File No. 57-CR-13-161

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Alan G. Rogalla, Pennington County Attorney, Kristin J. Hanson, Assistant County Attorney, Thief River Falls, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jessica Merz Godes, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Bjorkman, Presiding Judge; Larkin, Judge; and Smith, Judge.

**U N P U B L I S H E D   O P I N I O N**

**SMITH**, Judge

        We affirm appellant's convictions of first-degree assault and domestic assault because the district court's instruction to the jury on her right not to testify without first

obtaining her personal consent was not plain error; but we reverse the district court's imposition of separate sentences for the two convictions because the two offenses arose from the same behavioral incident and remand for resentencing.

**FACTS**

Appellant Janiece Rochelle Asante and J.A. lived together for about one month in 2012 while they were in a romantic relationship. In March 2013, Asante was living in another state but returned to Minnesota to take care of some legal business. J.A. picked her up at the airport, along with her four-year-old daughter, and took them to a motel. Two days later he agreed to let them spend a night at his house, and slept on the couch while Asante and her daughter slept in his bedroom.

J.A. awoke during the night to find Asante biting the back of his arm. A fight followed and Asante wounded J.A. with a knife before he was able to flee to a neighbor's house. Police responded to the neighbor's house, then went to J.A.'s house and found Asante lying on the living-room floor. Officers arrested Asante, and respondent State of Minnesota charged her with second-degree assault and domestic assault.

At trial, J.A., the neighbor, and the responding officers testified to the above facts as witnesses for the state. At the end of the first day, the state concluded its case and rested. At the beginning of the second day, before the jury was seated, defense counsel informed the district court that Asante had decided not to testify. Counsel stated that Asante "would like to do a waiver on the record and ask for the special jury instruction." The district court then questioned Asante directly to determine whether she understood her right to decide whether to testify. The district court asked, among other things,

whether Asante understood that "the Court may not say anything to the jury about your failure to testify unless you specifically request that I instruct the jury that you have no obligation to testify." Asante stated that she understood. The district court did not expressly ask Asante whether she wanted the instruction to be given.

After the jury was seated, the defense rested without calling any witnesses. The jury then left the courtroom and the district court initiated a discussion of jury instructions. The district court asked Asante's counsel whether the defense wanted the district court to instruct the jury regarding Asante's right not to testify. Defense counsel responded affirmatively. The district court did not ask Asante directly whether she wanted the instruction to be given, and she did not state that she wanted it. When the jury returned, the district court gave several relevant instructions, including the standard instruction on a defendant's right not to testify. Neither Asante nor her counsel objected to any of the instructions.

The jury found Asante guilty of the charged offenses and fifth-degree assault. The district court adjudicated guilt on the second-degree assault and the domestic assault, imposed sentences for both of them, and dismissed the fifth-degree assault charge. Asante did not object to the double sentence and did not petition for postconviction relief.

## D E C I S I O N

## I.

When a district court instructs the jury regarding a defendant's right not to testify, and the defendant does not object, we review the district court's decision to give the instruction for plain error. *State v. Darris*, 648 N.W.2d 232, 240 (Minn. 2002). Under

3

the plain error standard, the defendant must show that three conditions exist: (1) there was error; (2) the error was plain; and (3) the error affected the defendant's substantial rights. *Id.* The showing required for the third condition is a "heavy burden" that must be borne by the defendant. *Id.* The third condition is satisfied when there is a reasonable likelihood that the giving of the instruction had a significant effect on the jury's decision. *State v. Griller*, 583 N.W.2d 736, 741 (Minn. 1998). If the three conditions stated above are satisfied, we then consider whether a new trial is necessary to ensure the fairness and integrity of the judicial proceedings. *Id.* at 740.

The United States Constitution and the Minnesota Constitution provide that a criminal defendant may not be compelled to testify against himself or herself. U.S. Const. amend. V; Minn. Const. art. 1, § 7. Under Minnesota law, a criminal defendant has the right to testify, "but failure to testify shall not create any presumption against the defendant . . . ." Minn. Stat. § 611.11 (2012). To avoid the creation of such a presumption, section 611.11 prohibits the prosecuting attorney and the district court from alluding to a defendant's decision not to testify. *Id.* The Minnesota Supreme Court has interpreted section 611.11 as prohibiting a district court from giving the right-not-to-testify instruction unless the defense requests it, because the instruction highlights a defendant's decision not to testify. *E.g.*, *State v. Gomez*, 721 N.W.2d 871, 880 (Minn. 2006); *McCollum v. State*, 640 N.W.2d 610, 616 (Minn. 2002).

Asante argues that a district court necessarily commits error if it gives the right-not-to-testify instruction without first eliciting the defendant's personal statement, on the record, that he or she wants the instruction to be given. She cites supreme court cases to

4

support her argument, but the caselaw does not support her position to the extent she represents. The supreme court has held that when a district court must decide whether to give the right-not-to-testify instruction, "the better practice is for the [district] court to inquire of the defendant . . . whether [he or she] wishes to have such an instruction." *State v. Clifton*, 701 N.W.2d 793, 798 (Minn. 2005); *accord McCollum*, 640 N.W.2d at 617 (stating that if the defendant requests the instruction, the district court or defense counsel should make a record of "the defendant's clear consent and insistence that the instruction be given"). But the supreme court has also concluded, under facts similar to those in this case, that no error occurred when the defendant did not personally ask for the instruction and the district court gave it anyway.

In *Clifton*, for instance, the district court explained, and the defendant acknowledged, that no adverse inference could be drawn from the defendant's decision not to testify, and that he could choose whether to have the district court give the instruction. 701 N.W.2d at 798. He did not state, explicitly and personally, that he wanted the district court to give the instruction, but the record showed that he was advised of the implications, that the instruction was requested by defense counsel on his behalf, and that neither the defendant nor his counsel objected when the instruction was given. *Id.* The supreme court stated that "[w]e have made clear that [the right-not-to-testify instruction] should not be given without the personal and clear consent of the defendant." *Id.* (citing *Darris*, 648 N.W.2d at 240). It concluded that "the record satisfies us that Clifton and his attorney agreed to the instruction" and that "Clifton is not entitled to a new trial on this ground." *Id.* In *McCollum*, the supreme court went even

5

farther, stating that "[a] [district] court ordinarily should not give a no-adverse-inference instruction unless the defense requests it," but that "[i]n limited circumstances, a [district] court may be justified in giving the instruction in the absence of the defendant's request, and even over the defendant's objection." 640 N.W.2d at 616 (citations omitted).

We conclude that the district court did not plainly err by giving the instruction because, like the defendant in *Clifton*, Asante was advised about it, it was requested by counsel on her behalf, and neither Asante nor her counsel objected when it was given. Because we conclude that the first two conditions of the plain-error standard are not satisfied, we need not consider whether the third condition is satisfied, or whether a new trial is necessary. We iterate, however, the supreme court's statement that when a district court must decide whether to give the right-not-to-testify instruction, "the better practice is for the [district] court to inquire of the *defendant* . . . whether he [or she] wishes to have such an instruction." *McCollum*, 640 N.W.2d at 616 (emphasis added).

## II.

Asante argues that the district court erred by imposing two sentences because her convictions arose from a single behavioral incident. We agree. When, as here, the facts are not disputed, we review the determination of whether multiple offenses arose from a single behavioral incident de novo. *State v. Marchbanks*, 632 N.W.2d 725, 731 (Minn. 2001). Apart from exceptions that do not apply here, "if a person's conduct constitutes more than one offense under the laws of this state, the person may be punished for only one of the offenses . . . ." Minn. Stat. § 609.035, subd. 1 (2012). Unless an exception applies, multiple sentences are permissible only when the state proves, by a

6

preponderance of the evidence, that the offenses did not arise from a single behavioral incident. *State v. Williams*, 608 N.W.2d 837, 841-42 (Minn. 2000). A defendant does not forfeit the statute's protection by failing to raise the issue at sentencing. *State v. Mendoza*, 297 N.W.2 286, 288 (Minn. 1980).

Second-degree assault and domestic assault are both "intentional" crimes. *See* Minn. Stat. § 609.02, subds. 9 (defining intentional crimes as those described using such language), 10 (defining "assault" using the phrase "with intent" and "intentional") (2012). "In order to determine whether two intentional crimes are part of a single behavioral incident, [Minnesota courts] consider 'factors of time and place, and whether the . . . conduct involved was motivated by an effort to obtain a single criminal objective.'" *State v. Bauer*, 792 N.W.2d 825, 828 (Minn. 2011) (quoting *State v. Johnson*, 273 Minn. 394, 404, 141 N.W.2d 517, 524 (1966)).

Here, the exact same conduct, occurring at the same time on the same day and in the same place, supports both charges and both convictions. Both offenses manifested the intent to assault J.A. We conclude that the district court erred by sentencing Asante on both convictions, and we reverse the sentences and remand with instructions for the district court to resentence Asante in accordance with this opinion.

**Affirmed in part, reversed in part, and remanded.**